# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| AT HOME GROUP INC., WENDY A. | ) | **COMPLAINT FOR VIOLATIONS OF** |
| BECK, JOHN J. BUTCHER, PHILIP L. | ) | **THE FEDERAL SECURITIES LAWS** |
| FRANCIS, STEVE K. BARBARICK, | ) | |
| PAULA L. BENNETT, KENNETH M. | ) | |
| SIMRIL, LEWIS L. BIRD III, ELISABETH | ) | |
| B. CHARLES, and JOANNE C. | ) | **JURY TRIAL DEMANDED** |
| CREVOISERAT, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Matthew Walker ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against At Home Group Inc. ("At Home" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9").  By the action, Plaintiff seeks to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which funds (the "H&F Entities") affiliated with Hellman & Friedman LLC ("Hellman & Friedman" or "H&F") will acquire the Company through their subsidiaries Ambience Parent, Inc. ("Parent") and Ambience Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").[1]

---

[1] Non-party H&F is a global private equity firm with offices in San Francisco, New York, and

2.      On June 16, 2021, the Company announced its entry into an Amended and Restated Agreement and Plan of Merger (the "Merger Agreement") dated June 16, 2021 to sell At Home to H&F.  The Merger Agreement provides that Hellman & Friedman will acquire all outstanding shares of the Company for $37.00 in cash per share of At Home common stock (the "Offer Price").[2]

3.      On June 22, 2021, At Home filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC.  The Recommendation Statement, which recommends that At Home stockholders tender their shares in the Tender Offer, omits or misrepresents material information essential and critical to that decision: Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant

---

London.  The H&F Entities are each affiliated with Hellman & Friedman.  Non-party Parent is a Delaware corporation formed by the H&F Entities.  Non-party Merger Sub is a Delaware corporation and an indirect wholly owned subsidiary of Parent.

[2] Pursuant to the Merger Agreement, Merger Sub commenced the Tender Offer on June 22, 2021. The Tender Offer is scheduled to expire at one minute after 11:59 p.m. (New York City time) on July 20, 2021.

to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## **PARTIES**

9.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of At Home.

10.     Defendant At Home is a Delaware corporation, with its principal executive offices located at 1600 East Plano Parkway, Plano, Texas 75074.  At Home's common stock trades on the New York Stock Exchange under the ticker symbol "HOME."

11.     Defendant Wendy A. Beck ("Beck") has been a director of the Company since 2014.

12.     Defendant John J. Butcher ("Butcher") has been a director of the Company since 2020.

13.     Defendant Philip L. Francis ("Francis") has been Independent Lead Director since 2020 and a director of the Company since 2015.

14.     Defendant Steve K. Barbarick ("Barbarick") has been a director of the Company since 2018.

15.     Defendant Paula L. Bennett ("Bennett") has been a director of the Company since 2018.

16.     Defendant Kenneth M. Simril ("Simril") has been a director of the Company since 2020.

17.     Defendant Lewis L. Bird III ("Bird") has been Chairman of the Board since April 2017, Chief Executive Officer ("CEO") of the Company since December 2012, President since September 2015, and a director since 2012.

18.     Defendant Elisabeth B. Charles ("Charles") has been a director of the Company since 2016.

19.     Defendant Joanne C. Crevoiserat ("Crevoiserat") has been a director of the Company since 2019.

20.     Defendants identified in paragraphs 11 to 19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21.     On May 6, 2021, At Home announced in relevant part:

PLANO, Texas-- At Home Group Inc. (NYSE: HOME), the home décor superstore, today announced that it has entered into a definitive agreement to be acquired by funds affiliated with Hellman & Friedman (H&F), a premier global private equity firm, in an all-cash transaction valued at $2.8 billion, including the assumption of debt.

***

Under the terms of the agreement, At Home stockholders will receive $36.00 per share in cash, which represents a premium of approximately 17% to the Company's closing stock price of $30.67 on May 4, 2021, the last trading day prior to media speculation regarding a possible transaction, and a premium of approximately 25% to the 30-day volume weighted average share price.

Phil Francis, At Home's Lead Independent Director and Chair of the Special Committee of the Board of Directors, said, "After a thorough evaluation and diligent and thoughtful deliberations in consultation with our independent advisors, we are pleased to reach this agreement, which provides stockholders with immediate and substantial value for their investment.  The Special Committee and the Board considered the current state of the business, its outlook and opportunities, and believe this transaction is the optimal path forward and in the best interest of our stockholders."

Lee Bird, Chairman and Chief Executive Officer of At Home, said, "As we enter the next chapter for our company, H&F is the ideal partner to advance our At Home 2.0 long term strategy.  Together with H&F, we will have the resources and flexibility to

provide our customers with a differentiated experience that meets their evolving needs. This transaction is a testament to the achievements of our team members, and I would like to thank each of them for all they do each day to contribute to the success of At Home."

Erik Ragatz, Partner at H&F, said, "As the leading value retailer of home décor offering unmatched breadth and depth of product assortment at everyday low prices, At Home is well positioned to continue its long track record of store expansion and growth. At Home's differentiated, low-cost operating model is disruptive to the traditional home channels and provides a strong opportunity for market share gain. This acquisition is consistent with Hellman & Friedman's strategy to invest in market-leading businesses with substantial runway for growth, and we are looking forward to partnering with At Home's talented management team to help capture the significant market opportunity in front of the Company."

22.    On June 16, 2021, At Home issued a press release announcing amended terms to the

Proposed Transaction. The press release states, in relevant part:

PLANO, Texas-- At Home Group Inc. (NYSE: HOME), the home décor superstore, and funds affiliated with Hellman & Friedman (H&F), a premier global private equity firm, today announced that they have entered into an amended and restated merger agreement under which H&F will acquire all outstanding shares of At Home for $37.00 per share in cash. Under the terms of the revised agreement, H&F will commence a tender offer to acquire all outstanding shares of At Home's common stock.

Following careful consideration and a unanimous recommendation by the Special Committee of the Board of Directors of At Home, the At Home Board of Directors unanimously approved the amended and restated merger agreement and recommends that all At Home stockholders tender their shares in support of the transaction once launched.

The improved offer is an increase from the prior $36.00 per share offer and delivers a significant premium of approximately 21% to the Company's closing stock price of $30.67 on May 4, 2021, the last trading day prior to media speculation regarding a possible transaction, and a premium of approximately 28% to the 30-day volume weighted average share price. On June 15, 2021 the Company announced the expiration of the 40-day "go-shop" period under the terms of the prior merger agreement, which resulted in no new offers for the Company despite exhaustive solicitation efforts.

Phil Francis, At Home's Lead Independent Director and Chair of the Special Committee of the Board of Directors, said, "Throughout this process the Special Committee has been singularly focused on maximizing value for At Home stockholders, and the enhanced H&F offer does just that. The Board unanimously recommends that all At Home stockholders tender their shares into the increased H&F offer, which provides substantial cash premium value in a timely manner and limits

stockholders' exposure to the significant risks inherent in the Company's business plan, even with flawless execution."

Erik Ragatz, Partner at H&F, said, "This increased offer represents our commitment to completing this transaction expeditiously.  We determined that the tender offer structure was the appropriate step to achieve the most effective path to closing, and we further believe that this path allows the At Home stockholders to directly act to accept the compelling and immediate value inherent in our transaction.  H&F is a disciplined investor, and this price increase represents our best and final offer for the Company. We have appreciated the constructive dialogue with the At Home Special Committee throughout this process and look forward to completing this transaction."

Key Transaction Terms

Under the terms of the revised agreement, H&F will commence the tender offer on or before June 23, 2021.  The consummation of the tender offer will be conditioned on a majority of the outstanding At Home shares being tendered in the offer, together with other conditions consistent with those set forth in the original merger agreement. Following completion of the tender offer, H&F will complete a second-step merger in which any remaining shares of At Home will be converted into the right to receive the same per share price paid in the tender offer.  Upon completion of the merger, At Home will become a private company and shares of At Home common stock will no longer be listed on any public market.

## The Recommendation Statement Contains Material Misstatements or Omissions

28.     The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to At Home's stockholders.  The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal.

29.     Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) At Home management's financial projections, relied upon by the special committee of the Board's ("Special Committee") financial advisor Goldman Sachs & Co. LLC ("Goldman") in its financial analyses; and (b) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Goldman.

***Material Omissions Concerning At Home Management's Financial Projections***

30.    The Recommendation Statement omits material information regarding Company management's financial projections relied upon by Goldman for its financial analyses, including the unlevered free cash flows for years 2022 through 2026 for the February 2021 Management Projections.  The Recommendation Statement also fails to disclose the line items underlying line those projections.  In addition, for each of the February 2021 Management Projections and the April 2021 Management Projections, the Recommendation Statement fails to disclose the line items underlying Adjusted EBITDA.

31.    The Recommendation Statement also fails to disclose when the February 2021 Management Projections were finalized by management and reviewed and approved by the Special Committee and the Board (including fiscal years 2025 and 2026).

32.    Moreover, although the Recommendation Statement sets forth the assumptions underlying the February 2021 Management Projections, the Recommendation Statement fails to disclose a fair summary of the revised assumptions underlying the April 2021 Management Projections, including a quantification thereof.

33.    The omission of this information renders the statements in the "Certain Financial Projections Prepared by the Senior Management of At Home" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Goldman's Financial Analyses***

34.    The Recommendation Statement describes Goldman's fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of Goldman's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, At Home's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on

Goldman's fairness opinion in determining whether to tender their shares in the Tender Offer or seek appraisal.

35.     With respect to Goldman's *Illustrative Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) the terminal value of the Company; (b) the Company's net debt; and (c) At Home's fully diluted outstanding shares.

36.     With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis*, the Recommendation Statement fails to disclose: (a) quantification of the inputs and assumptions underlying the discount rate of 10.7%; (b) the Company's projected net debt for fiscal years 2022 to 2024; and (c) At Home's fully diluted outstanding shares.

37.     The omission of this information renders the statements in the "Opinion of the Financial Advisor to the At Home Special Committee" and "Certain Financial Projections Prepared by the Senior Management of At Home" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

38.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other At Home stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

23.     Plaintiff repeats all previous allegations as if set forth in full.

24.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting At Home stockholders to tender their shares in the Tender Offer.

25.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

26.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

27.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

28.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of At Home, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

29.     Plaintiff repeats all previous allegations as if set forth in full.

30.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

31.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

32.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act

33.      Plaintiff repeats all previous allegations as if set forth in full.

34.     The Individual Defendants acted as controlling persons of At Home within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of At Home and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the

various statements which Plaintiff contends are false and misleading.

35.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

36.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.   The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.   They were, thus, directly involved in the making of this document.

37.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.   The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

38.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

39.     Plaintiff has no adequate remedy at law.   Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of At Home, and against defendants, as follows:

      A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

      B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      D.      Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  June 30, 2021              **LONG LAW, LLC**

                         By  */s/ Brian D. Long*
                            Brian D. Long (#4347)
                            3828 Kennett Pike, Suite 208
                            Wilmington, DE 19807
                            Telephone: (302) 729-9100
                            Email: BDLong@longlawde.com

                            *Attorneys for Plaintiff*